McAllister v. Furlong.

---

(*) MCALLISTER *versus* FURLONG.

In some classes of cases, a defendant in one suit may be sued in another suit as trustee of the person who was plaintiff in the former suit.

Such suit against the defendant as trustee operates as an attachment of the fund in his hands.

After such attachment has expired, the trustee suit cannot delay or impair the right of the plaintiff in the original suit in obtaining judgment and execution against the defendant.

Such an attachment expires, unless within thirty days from the judgment, a demand on the execution be made upon the trustee.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT.

The action was referred by rule of Court. The referees awarded a recovery by McAllister. While that suit was pending, Furlong was summoned in another suit, as trustee of McAllister. At the third term of the trustee suit, McAllister was

defaulted, and Furlong was also defaulted as his trustee. In a few days afterwards, execution was issued against them. It does not appear that any demand upon the trustee was ever made by virtue of that execution.

McAllister's attorneys in this suit claim a lien for their taxable costs and advances.

The case is submitted to the Court for judgment according to principles of law.

*Fuller & Harvey*, for the plaintiff.

*J. Granger*, for the defendant.

. TENNEY, J. — This action was referred by a rule of Court, after it was entered; and the referees made their award in favor of the plaintiff, and received their fees from his attorney. While the suit was pending in Court, the trustees of the ministerial and school fund in Bayleyville brought an action against the plaintiff, and summoned the defendant as trustee. At the February term, 1852, being the third term after the trustee action was commenced, the principal and trustee therein were defaulted, and judgment rendered for the plaintiffs; execution was issued on March 9, 1852. The writs in the two suits are a part of this case. The plaintiff's attorneys claim a lien in this action for their taxable costs, and the amount paid to the referees.

The attachment under the trustee process expired in thirty days after judgment thereon, unless measures were taken within that time to make it available. The report does not show the execution to have been in the hands of an officer, within that time, or any demand to have been made upon the trustee according to the R. S. c. 119, §§ 74, 80 and 81. *Bachelder* v. *Merriman*, 34 Maine, 69. Neither does the report state, that the trustee paid the money or any part thereof, after being adjudged trustee, under the provision of § 66 of the same chapter, as he might have done, and thereby have discharged a part of his liability, or took any other course, which gives him the right, by virtue of any thing done under

the trustee process, to resist the judgment, to which the plaintiff would otherwise be entitled.

According to the agreement of the parties, the report of the referees should be accepted, and judgment entered thereon.

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.